IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tasha Nelson,

    Plaintiff,

  v                                        Case No. 2:08-cv-549

American Power and Light,          JUDGE WATSON
et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Tasha Nelson filed this case in the Franklin County Court of Common Pleas against a number of defendants, asserting a large number of claims arising under Ohio law. However, she also asserted (at least in her initial complaint) one claim against one defendant under the Fair Debt Collection Practices Act. The case was then removed to this Court by defendant American Power and Light based on federal question jurisdiction. Ms. Nelson has now filed an amended complaint. By Order dated November 13, 2008, this matter was referred to the undersigned for the issuance of a Report and Recommendation addressing whether, in light of the amended complaint, Ms. Nelson's state law claims should be remanded.

At the preliminary pretrial conference, and based upon a review of the original complaint, the Court suggested that all of the state law claims might be subject to remand because the federal law claim appeared to be "separate and independent" from those claims. See 28 U.S. §1441(c). For the following reasons, and based upon a clarification of the federal claim contained in the amended complaint, the Court, after raising the jurisdictional issue *sua sponte*, recommends that the Court exercise its discretion to maintain jurisdiction over the entire

case either because the federal claim is not "separate and independent" from the state law claims or because of the substantial uncertainty which surrounds that conclusion.

The complaint alleges the following pertinent facts. Ms. Nelson used to live in a condominium complex which was managed by Realty Executives Central, one of the defendants. American Power and Light supplied electricity to the complex. The property was owned by defendant Green Eagle. According to the complaint, Ms. Nelson was charged not only for electricity supplied to her individual unit but also for electrical service provided to the common areas of the condominium complex.

Apparently, Ms. Nelson got behind in paying her electric bill on several occasions. She claims that Green Eagle allowed APL to file eviction actions against her on those occasions in order to collect the utility charges. The legal claims which arise under Ohio law assert that it was improper for her to be charged for utility service to the common areas of the complex and that she should not have been forced to defend an eviction action simply because she did not pay her utility bills. She also asserts that some of the procedures accompanying the eviction action were unlawful, including charging her for attorneys' fees and costs associated with the action as part of her utility bill, and assessing late fees against her for failure to pay a utility bill which contained unlawful charges.

In her federal claim, she asserts that both APL and Realty Executives violated the FDCPA by becoming "debt collectors" and by using false and fraudulent means to collect debts, including collecting debts which were not lawfully owing. Because the federal law claim is spelled out in much more detail in the amended complaint, it is not as apparent that this claim is "separate and independent" from the state law claims pleaded in the amended complaint. The Court is therefore required to

analyze that question before determining whether a remand of any or all of the state law claims is appropriate.

28 U.S.C. §1441(c) states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by §1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  This language has been interpreted by the Court of Appeals for the Sixth Circuit in the following way: "where a plaintiff seeks to recover for a single injury arising from a series of interrelated events, and whether he sued several defendants jointly, severally, jointly and severally, or alternately, he is not asserting separate and independent claims under 1441(c)." Union Planters National Bank of Memphis v. CBS, Inc., 557 F.2d 84, 89 (6th Cir. 1977).  Put differently, the question is whether all of the claims asserted by the plaintiff "arose from an interlocked series of transactions...." Id. Conversely, if the claim involves a "different wrong" and a "different set of facts" than the other claims in the case, it is "separate and independent" within the meaning of §1441(c). Lewis v. Louisville and Nashville R. Co., 758 F.2d 219, 221 (7th Cir. 1985).

Here, Ms. Nelson's FDCPA claim does seek a type of relief which is different from the claims which she asserts under Ohio common law.  To that extent, the federal claim might appear to be "separate" from her state law claims.  On the other hand, the way she has pleaded it in her amended complaint makes it clear that the federal law claim depends, at least in part, on some of the same facts underlying her state law claims, such as whether she was lawfully charged for utility services provided to the common areas of the condominium complex and whether APL was lawfully

entitled to bring an eviction action against her, using the name of Realty Executives, simply because she failed to pay her utility bills.  Consequently, the court cannot conclude that the federal law claim is "independent" of the state law claims because it does require proof of some of the same facts underlying those claims and may turn, in part, on an adjudication of whether some part of the debt being collected through the eviction action was not properly assessed against Ms. Nelson under Ohio law.  Further, the federal law claim is closely related to the claim asserted under the Ohio Consumer Sales Practices Act.

Even if the state law claims in this case were "separate and independent" from the single federal law claim, the court does have the discretion to retain the entire case and to adjudicate all of the claims, assuming that they fall within the Court's supplemental jurisdiction.  Under 28 U.S.C. §1367, the Court's supplemental jurisdiction extends not only to claims which arise out of the same interrelated series of facts as the claim over which the Court has jurisdiction, but also to additional parties who may be defendants on those claims.  Given the fact that remand of even "separate and independent" state law claims is discretionary under §1441(c), and, as noted above, the fact that the Court may well be unable to remand the state law claims because they are not "separate and independent," the Court recommends that jurisdiction over the entire case be retained. Because the initial pretrial conference was conducted under the assumption that the state law claims would be remanded, if this Report and Recommendation is adopted, the Court recommends that a telephone conference with counsel be directed to be held in order to create a case schedule.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that

party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge